UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE PACA TRUST CREDITORS OF LENNY
PERRY'S PRODUCE, INC.,

                      Plaintiff,
    v.                                           **DECISION AND ORDER**
                                                           15-mc-028S

GENECCO PRODUCE, INC., and DAVID
GENECCO,

                      Defendants.

## I. INTRODUCTION

Presently before this Court are the parties' respective objections to the February 20, 2015 Report and Recommendation of the Honorable Michael J. Kaplan, United States Bankruptcy Court, which recommended granting summary judgment to Plaintiffs in the form of a monetary judgment to be subsequently calculated. For the reasons that follow, this Court finds that it cannot accept the recommended disposition without further development of the issues raised in the parties' submissions and this Court's prior order of remand.

## II. BACKGROUND

Plaintiffs, the PACA Trust Creditors of Lenny Perry's Produce, Inc., commenced this adversary proceeding in Bankruptcy Court in November 2009 seeking, among other things, to collect $204,774.88 Defendant Genecco Produce owed to Debtor Lenny Perry's Produce, Inc., ("Lenny Perry") for numerous produce purchases from September 2005 to October 2008. (Bkcy Docket No. 09-AP-10297 No. 1.) Debtor Lenny Perry and Defendant Genecco Produce both engaged in the buying and selling of produce, therefore issues raised in the present proceedings implicate the Perishable Agricultural

1

Commodities Act of 1930, 7 U.S.C. § 499a *et. seq.* ("PACA").  As noted in this Court's earlier related decisions, in light of the time sensitive and unsecured nature of agricultural commodities sales, Congress enacted PACA to protect produce sellers in the event of a buyer's default by creating a trust in the sellers' favor.  Accordingly, following Lenny Perry's Chapter 7 bankruptcy filing in January 2009, this Debtor's PACA creditors moved in Bankruptcy Court for the establishment of a procedure by which to handle their claims that, pursuant to PACA, were entitled to priority over all other creditors, including secured creditors. See 7 U.S.C. § 499e(c)(1).

In their answer to the PACA Trust's complaint, Defendants did not dispute that the sales occurred, but asserted that as a result of Genecco Produce's own sales to Lenny Perry during the same time period, Defendants were entitled "to a setoff in the amount of $263,061.92, which is in excess of the $204,774.88 claimed to be due and owing by Plaintiffs."

Plaintiffs moved to strike this affirmative defense as a matter of law.  As Judge Kaplan summarized in his report and recommendation on this motion, Defendants argued that:

> the PACA Trust "stands in the shoes of the Debtor," and that, consequently, although the PACA Trust has been given authority by the District Court to collect the Debtor's accounts receivable and to segregate from the proceeds the receivables that are subject to the PACA Trust, those receivables are subject to the same defenses against the Trust that would have been available against the Debtor. Such rights clearly would be recognized by 11 U.S.C. § 553[1] if this were an action by the bankruptcy estate rather than by the PACA Trust, and such rights consequently must be recognized in the present context as well.

---

[1] "Except as otherwise provided . . ., this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."  11 U.S.C. § 553(a).

(Docket 12-mc-55 No. 1 at 4 (emphasis in original).)  In contrast, the PACA trust argued that:

> because any right of setoff that the Defendant might have is a right only as against the Debtor, it is not a right that is available against the Trust standing in its own capacity under a specialized law that does not acknowledge or recognize a right of setoff under the type of relationship that the Defendant asserts existed between it and the Debtor, and adding the fact that the Defendant opted-out of participation as a trust beneficiary.

(Docket 12-mc-55 No. 1 (emphasis in original).)

In considering the parties' arguments, Judge Kaplan noted that this Court's PACA claims procedure order directed Debtor Lenny Perry to turn over any potential PACA trust assets, and for Plaintiffs' counsel "and/or the Chapter 7 Trustee" to liquidate all receivables. (Id.) As such, Plaintiffs had overstated the assertion that the Trust did not stand in the shoes of the Debtor. (Id.) The judge therefore found the parties' arguments raised several potentially dispositive questions, including: (1) whether this Court's order that the PACA Trust and the Chapter 7 Trustee were jointly authorized to collect and liquidate receivables and other debts owed to the Debtor "gave the Defendant here access to all defenses that would be available to it in a simple action on the receivable"; and (2) if not, whether PACA recognized the right of set off, a question rendered more difficult by the fact PACA does not define the term "trust assets." (Docket 12-mc-55 No. 1 at 9 (emphasis in original).)  Accordingly, Judge Kaplan concluded that "stripping the Defendant of the defense of setoff" prior to resolution of these issues "would be unfair and inequitable unless the Defendant is permitted a late 'opt-in' to share as a beneficiary of the Trust. (The District Court need only reconsider and amend its bar-date Order to accomplish the later)." He therefore recommended that Defendants be permitted to pursue this defense. (Docket 12-mc-55S No. 1 at 9-10.)  In November

3

2012, this Court accepted the Bankruptcy Judge's recommendation and denied Plaintiffs' motion to strike the affirmative defense of set-off. (Docket 12-mc-55S No. 6.)

Plaintiffs subsequently moved for summary judgment before the Bankruptcy Judge. In the resulting report and recommendation, Judge Kaplan stated that, "[a]fter [this District Court] agreed with [him] that the Defendant Genecco Produce, Inc. should have the right of set-off with regard to the sum of monies sought by . . .Plaintiff PACA Trust," the parties raised arguments regarding how that amount should be calculated. (Docket 14-mc-36S No. 1 at 2.) The Bankruptcy Judge then considered an argument regarding the existence of a possible bartering relationship between the parties, but found insufficient evidence to support the existence of such a relationship. Instead, Judge Kaplan was "satisfied that the parties were simply selling commodities to each other . . . , maintaining open, off-setting accounts that remained so (meaning never materially reconciled by off-set) right up until the Debtor went out of business." (Id. at 5.) Judge Kaplan recommended that this Court:

> enter judgment declaring that the Plaintiff PACA Trust shall have money judgment against the Corporate Defendant in a dollar amount to be computed by (and Money Judgment entered in) the Bankruptcy Court. That amount shall be the difference between the dollar amount owed by the Defendant to the Debtor (on the one hand) and the dollar amount (on the other hand) to which the Defendant would be entitled as a PACA Trust beneficiary if the Defendant were to pay to the Trust all of the money that it owed Lenny Perry's and then await distribution.  It is further recommended that judgment against David Genecco individually not to be entered at this time because satisfaction of the judgment by Genecco Produce, Inc. would moot the matter as to him personally, and because he raises other personal defenses.

(Id. at 5-6 (footnote omitted).)

Both parties filed objections to the Report and Recommendation before this Court. (Docket No. 14-mc-36S.)  In a decision and order released following oral

4

argument on these objections, this Court interpreted the Bankruptcy Judge's decision as a finding by that court that Defendant "was not entitled to a setoff because it failed to prove that it and Lenny Perry's had a bartering relationship." (Docket 14-mc-36S No. 6 at 4, 5.) This Court further found that the Bankruptcy Court's recommended judgment constituted a finding, made "without elaboration[,] that Genecco could become a beneficiary of the PACA trust and thus receive a *pro rata* share of the Trust's assets." (Id. at 4.) Although this Court agreed with Judge Kaplan regarding the lack of evidence supporting a bartering relationship between the parties, that issue was not, in this Court's opinion, dispositive. Instead, because bartering and set-off were different concepts, consideration of further issues associated with the defense of set-off, such as the mutuality of obligations and when the assets at issue became PACA trust assets, was necessary. This Court therefore remanded the matter back to Bankruptcy Court for further consideration.

On February 23, 2015, Judge Kaplan issued a Clarified Report and Recommendation containing additional language supporting the original recommendation, which the Bankruptcy Judge believed would obviate any further proceedings regarding the additional issues raised by this Court. Initially, Judge Kaplan clarified that, following this Court's denial of Plaintiff's motion to strike the affirmative defense of set-off, he "examined the submissions and concluded that Genecco had, indeed, demonstrated reciprocal offsetting accounts as between it and Lenny Perry's, and so had sustained its affirmative defense of 'setoff.' " (Docket 15-mc-28 No. 1 at 4.) However:

> Genecco asserts that its defense goes beyond that. It argues that each exchange of produce extinguished outstanding debts[]. In other words (it

argues) Genecco and Lenny Perry's were not "selling" to each other, but rather were "bartering." If that theory were accepted, Genecco would owe nothing to the PACA Trust – all of the $204,000 owed to Lenny Perry's by Genecco was satisfied "in kind." This court rejects that argument and recommends that the District Court do so as well.

(Id.) Judge Kaplan reiterated his previous conclusion that the Defendant failed to provide sufficient evidence to raise a triable question of fact whether a "bartering" relationship existed between Defendant and Debtor Lenny Perry. He added that Defendant Genecco Produce was nonetheless "entitled to a setoff of the open account, but not to the complete 'wiping-out' of its debt to Lenny Perry's that would result if it could sustain its 'bartering' argument." (Id. at 7-8.) Judge Kaplan therefore recommended that this Court:

> enter judgment against the Corporate Defendant in an amount that reflects the appropriate set-off, as follows: The Corporate Defendant owes approximately $204,000 to the PACA Trust and it shall be permitted to be treated as having a right of set-off to the same extent as if it has been a member of the PACA Trust (even though it chose not to be such a member).

(Docket 15-mc-28S No. 1 at 8.)

### III. DISCUSSION

The Bankruptcy Judge's clarified Report and Recommendation is now before this Court for *de novo* review of "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). Both parties have raised such objections. Defendants object to the granting of summary judgment to Plaintiffs on the sole ground that no bartering relationship existed between Defendants and Debtor Lenny Perry. Defendants specifically argue that the Bankruptcy Judge failed to consider its further specific setoff arguments, including whether the Plaintiffs acquired any interest in the Debtor's

6

accounts receivables subject to the setoff defense.[2] Plaintiffs object only to the extent that they argue that Defendants are not entitled to a setoff of any amount.

Initially, this Court finds that the additional discussion provided in the clarified Report and Recommendation, although shedding some light on the court's analysis, fails to either address or obviate the need for consideration of the issues that necessitated remand of the previous report. In the clarified report, Judge Kaplan found that, although a true bartering relationship did not exist, Defendants nonetheless demonstrated that Genecco Produce and Debtor Lenny Perry had "reciprocal offsetting accounts . . . and so had sustained [the] affirmative defense of 'setoff.' " (Docket 15-mc-28S No. 1 at 4.) However, Judge Kaplan does not explain the theory on which he based his determination that setoff is appropriate. As Defendants note, left unanswered are the previously raised questions of whether the PACA Plaintiffs stand in the shoes of the Debtor for the purposes of the claims in the present complaint and, if not, whether Plaintiff obtained their interest in Debtor Lenny Perry's accounts receivable subject to Defendants' setoff defense. In connection with this latter issue, this Court notes that Defendant Genecco Produce asserts it raised this setoff defense in a § 341 meeting with the Chapter 7 trustee prior to the establishment of PACA claims procedure by this Court in its September 16, 2009 order. (See Docket 15-mc-28S No. 1-2 at 1; see also

---

[2] As stated in this Court's prior order, the affirmative defense of setoff, or offset, "is an established creditor's right to cancel out mutual debts against one another in full or in part." In re Patterson, 967 F.2d 505, 508 (11th Cir. 1992). Its purpose is to avoid "the absurdity of making A pay B when B owes A." Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)). Section 553 of the Bankruptcy Code preserves the right of a "creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). The requisite elements of a § 553 setoff are that: (1) the creditor holds a claim against the debtor that arose before the commencement of the case; (2) the creditor owes a debt to the debtor that also arose before the commencement of the case; (3) the claim and debt are mutual; and (4) the claim and debt are each valid and enforceable. In re Steines, 285 B.R. 360, 362 (Bankr.D.N.J.2002).

11 U.S.C. § 341 (requiring the U.S. trustee to convene a meeting of a debtor's creditors within a reasonable period of time following a request for bankruptcy relief).) As Judge Kaplan himself previously noted, the fact that both the Trustee and Plaintiffs were thereafter directed to liquidate the Debtor's potential trust assets raises a question whether a defense against the receivable might appropriately be asserted. At minimum, however, the Bankruptcy Court previously found that this directive undermined Plaintiffs' assertion that it did not stand in the shoes of the Debtor. (Docket 12-mc-55s No. 1 at 8 (report and recommendation to deny Plaintiffs' motion to strike this affirmative defense).)

Further, as Defendants argue, the issue of whether the PACA Plaintiffs 'stand in the shoes' of Debtor Lenny Perry should be considered in light of the different claims raised in Plaintiffs' complaint. (see Defs' Objs at 11-15.) For example, although the majority of the claims assert violations of PACA, Plaintiffs also allege a state law breach of contract claim. A separate breach of fiduciary cause of action is also asserted against only Defendant David Genecco, necessitating further explanation of the recommendation to grant summary judgment against only the Corporate Defendant. It is also unclear with respect to Plaintiffs' fiduciary claims whether trust assets are improperly dissipated, such that they were not "freely available to satisfy [Genecco Produce's] outstanding obligations" to Lenny Perry, if the proceeds from the sale of produce initially purchased from Lenny Perry were used to fund the produce subsequently sold *back* to Lenny Perry. See Coosemans Specialities, Inc. v. Gargiulo, 485 F.3d 701, 706 (2d Cir. 2007) (a breach of fiduciary duty occurs when trust assets are dissipated or burdened in a way that renders them less freely available to PACA

creditors) (citing 7 C.F.R. § 46.46)).

This Court notes that, in making the current recommendation, Judge Kaplan emphasizes that Defendant Genecco Produce "should not be benefitted over other PACA claimants." (Docket 15-mc-28S No. 1 at 9.) Although an understandable concern in light of PACA's statutory objectives, here, Genecco Produce is not making a claim for payment from Plaintiffs' trust account or from Debtor Lenny Perry's bankruptcy estate – and in fact Defendants have waived any claim to the approximately $58,000 that Debtor Lenny Perry owed to it. Defendants are instead raising a defense to any claim that Genecco Produce owes money to either the trust or the bankruptcy estate – a distinction that appears to amount to more than mere semantics in the present case.

This distinction arises from PACA's purpose: "PACA was designed to give produce sellers a meaningful opportunity to recover full payment of the amounts due for their sales." Country Best v. Christopher Ranch, 361 F.3d 629, 632 (11th Cir. 2004). The act's trust provision is designed to ensure that, "in the event the seller does not receive payment, the seller is elevated to a priority position above that of all the buyer's secured creditors." In re Lombardo Fruit and Produce Co., 12 F.3d 806, 809 (8th Cir. 1993) (citing Sanzone-Palmisano Co. v. M. Seaman Enters., Inc., 986 F.2d 1010, 1012-13 (6th Cir.1993)). Thus, although Congress intended to protect produce sellers from buyers who fail to make payments as required by contract, it does not automatically follow that those buyers lose all defenses to contractual claims due to the statutory creation of a PACA trust. See generally In re Kornblum & Co., 81 F.3d 280, 283-84 (2d Cir. 1996) (citing H.R.Rep. No. 543, 98th Cong., 1st Sess. 3 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 406-07)). Such a result would go beyond the protection intended.

Finally, this Court notes that a modification of the PACA claims procedure order, either express or implied, to permit Defendant Genecco Produce's participation would arguably be a reasonable solution if Defendants' setoff arguments were found to be without merit.  However, without further discussion of when such a defense is appropriately raised when PACA trust assets are at issue – or more importantly, when it is lost — this Court cannot agree that this solution is the correct one.

## IV. CONCLUSION

This Court finds that clarification of the issues raised in the parties' submissions as well as this Court's prior order is warranted.  Accordingly, this matter is remanded for further proceedings.

## V. ORDERS

IT HEREBY IS ORDERED that this matter is REMANDED to the Bankruptcy Court for proceedings consistent with this Decision and Order.

SO ORDERED.

Dated:  August 10, 2015
         Buffalo, New York

                                                            /s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                            United States District Judge